UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-686-H

SHARON HEATH                                                                                         PLAINTIFF

V.

LOWES HOME IMPROVEMENT WAREHOUSE                                      DEFENDANT

**MEMORANDUM OPINION**

Defendant has moved for summary judgment in this gender discrimination case. Plaintiff alleges that Lowe's Home Improvement ("Lowe's") discriminated against her on the basis of gender by failing to promote her, by retaliating against her for filing a discrimination charge and by causing or allowing sexual harassment of her. All of the discovery in the case is now completed. Although the Court has allowed Plaintiff additional time in which to file a response to the motion for summary judgment, she has not done so to date.

I.

Lowe's operates a retail home improvement store in Louisville, Kentucky, located at 9800 Preston Crossing Boulevard. Steven Meadows was the Loss Prevention Supervisor at the store; Larry Routt was the store manager. Plaintiff began working at the store on July 16, 2002, as a Loss Prevention Associate. Lowe's maintained an anti-discrimination policy and provided open door policy for the reporting of discriminatory or harassing activities. On December 27, 2002, Plaintiff complained that she was sexually assaulted by Russell Glass, an hourly employee at the store. After being notified of Plaintiff's complaint, Meadows investigated her claims,

including interviewing various parties involved. The person who Plaintiff identified as a witness denied witnessing the event. Glass denied any of the actions of which he was accused.

Plaintiff made very specific allegations as to the time and place of the alleged assault. As a consequence, Meadows was able to review recorded videotape footage of surveillance cameras stationed around the store. The videotape footage for the time and place that Plaintiff alleged the assault showed no physical contact between Plaintiff and her alleged assailant. Based on these interviews and the review of the videotape footage, Meadows found no evidence that the alleged sexual harassment ever occurred. Consequently, Meadows concluded that Plaintiff had made a false allegation of harassment. This conduct violated company rules and on these grounds Lowe's terminated Plaintiff's employment on January 13, 2003.

II.

Part of Plaintiff's complaint alleges that she was denied a promotion. However, Plaintiff presents no evidence that she ever applied for a particular position or that she was denied a promotion for which she applied. Moreover, Plaintiff has failed to comply with the administrative remedies required as a prerequisite for filing a discrimination case in federal court. On both of these grounds, therefore, Plaintiff's allegations of discrimination due to the failure to promote must be dismissed.

Plaintiff claims sexual harassment based on her alleged assault by Glass. For any conduct to constitute a "hostile work environment," the work place must be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000). The only allegations supporting hostile

work environment claim is the assault by Glass and sporadic comments by certain other employees. These few incidents are not sufficiently severe or pervasive so as to create a hostile work environment under our cases.

The Lowe's investigation appears conclusive. The videotapes of the time and place for the assault do not show evidence of harassment. Plaintiff has not rebutted or explained the failure of the video evidence to support her charges. Under these circumstances, the Court must conclude that no reasonable juror could believe Plaintiff's story of sexual harassment. Moreover, Lowe's implemented a prompt and thorough investigation of Plaintiff's allegations. All the evidence it gathered reasonably demonstrated that the events alleged did not occur. Consequently, there is no basis for holding Lowe's responsible for the single incident alleged against Glass.

Finally, Plaintiff alleges that she was terminated from her employment because she filed claims of discrimination. This is not precisely true. Plaintiff was terminated from her employment because she filed false allegations of sexual harassment based on Lowe's thorough investigation of her charges. None of the evidence in the case tends to suggest that Lowe's used the company policy prohibiting false allegations as a pretext for discriminatory hiring. In fact, all of the evidence suggests that Lowe's believed that Plaintiff's allegations were false and that it had a substantial basis for that belief. Without any evidence suggesting that its reasons were pretextual, Plaintiff cannot make a case of retaliation.

The Court has thoroughly reviewed the evidence compiled through the completion of discovery. The Court finds no basis whatsoever for the allegations of discrimination contained in the complaint. The Court will enter an order consistent with this Memorandum Opinion.

cc:     Sharon Heath, *Pro Se*
        Counsel of Record